IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LORI A. GINTNER,

                Plaintiff,            OPINION AND ORDER

    v.                                        21-cv-755-wmc

SUZANNE C. O'NEILL, MICHAEL
K. MORAN, GREGORY J. STRASSER,
LAMONT K. JACOBSEN, GREGORY
B. HUBER, SCOTT M. CORBETT,
and ANY NEW OR SUBSTITUTE,

                Defendants.

---

*Pro se* plaintiff Lori A. Gintner claims that defendants, all Marathon County Circuit Court judges, have violated her due process rights as well as the Tucker Act, the Little Tucker Act, and the Administrative Procedures Act. Gintner has paid the filing fee, but the court will screen her complaint before ordering service upon defendants under the court's inherent authority to manage its cases. *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").

The court gathers from Gintner's complaint and hundreds of pages of exhibits that she claims injury from several state-court civil and criminal proceedings against her related to a foreclosure action and seeks $35 million in damages, among other relief. Publicly available state court records show that most of defendants have presided over civil or criminal cases involving Gintner in Marathon County.[1] Gintner alleges that defendants

---

[1] Wisconsin circuit court case information is publicly available online through the Wisconsin Circuit Court Access program, https://wcca.wicourts.gov.

have "ignored [Gintner's] jurisdictional challenge . . . and moved forward with the unlawful foreclosure and eviction process." (Dkt. #1 at 3.)

The primary problem with Gintner's complaint is that defendants are immune from damages for actions taken in their capacity as judges.[2] *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005). An exception to this rule is when a judge "has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 359 (1978). Gintner alleges that the state court does not have jurisdiction over the foreclosure because "the attorney who filed the illegal foreclosure is a foreign agent and as such must file a complaint in the federal court for the court to have jurisdiction." (Dkt. #1 at 4.) This claim is without basis in law or fact and does not form a basis for inferring that any Marathon County judge is acting outside of his or her judicial capacity. *See Muhammad v. Jenkins*, No. 22-cv-2053-shl-tmp, 2022 WL 995291, at *2 (W.D. Tenn. Mar. 2, 2022) (rejecting identical claim as "legally frivolous"), report and recommendation adopted, No. 22-cv-02053-shl-tmp, 2022 WL 991901 (W.D. Tenn. Apr. 1, 2022).

There are other problems with Gintner's complaint. For one, Gintner refers to defendants and her cases collectively, so defendants have no notice of Gintner's specific allegations against each of them. *See Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (Federal Rule of Civil Procedure 8 requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer."). Moreover, Gintner's claims arise out of state-court criminal and civil

---

[2] As for the other remedies Gintner requests, including donating defendants' houses to charity, revoking their law licenses, and granting Gintner control of the Marathon County Circuit Court's corporate charter, the court is unaware of any authority that would allow it to grant such relief.

proceedings.[3]  But principles of equity, comity, and federalism generally preclude federal courts from hearing cases that interfere with ongoing state proceedings that implicate important state interests, such as criminal prosecutions.  *Younger v. Harris*, 401 U.S. 37, 45 (1971).  And the *Rooker-Feldman* doctrine "precludes lower federal court jurisdiction over claims seeking review of state court judgments or over claims that are 'inextricably intertwined' with state court determinations."  *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983)).  Gintner's recourse for what she believes are incorrectly decided state-court cases is in the state appellate system, not in a federal district court.  *See Nora v. Residential Funding Co., LLC*, No. 10-cv-748-wmc, 2012 WL 12995759, at *6 (W.D. Wis. Sept. 30, 2012), *aff'd*, 543 F. App'x 601 (7th Cir. 2013) (*Rooker-Feldman* prevented federal court from hearing claims alleging injury from state-court foreclosure judgment).

Because Gintner seeks to proceed against defendants who are immune from suit, the court will dismiss Gintner's complaint.  *See Shaw v. Cnty. of Milwaukee*, No. 21-1410, 2022 WL 1001434, at *2 (7th Cir. April 4, 2022) (affirming dismissal of § 1983 claims against the judge, prosecutor and standby counsel involved in plaintiff's ongoing state criminal cases as immune from suit).  Allowing Gintner to amend her complaint would not change the fact that defendants are entitled to judicial immunity for their roles in Gintner's

---

[3] Gintner also alleges that "[t]he foreclosure statute is unconstitutional as it is missing the 3 elements the state constitution mandates must be present for something to be a valid law, and therefore the state foreclosure process is unconstitutional." (Dkt. #1 at 4.)  Gintner does not clarify what those three elements are.  Regardless, this claim is plainly legally frivolous.

state-court cases.[4] *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("[l]eave to amend need not be granted, however, if it is clear that any amendment would be futile").

ORDER

IT IS ORDERED that:

1)  Plaintiff Lori A. Gintner's complaint is DISMISSED with prejudice.

2)  Plaintiff's motion for discovery (dkt. #2) is DENIED as moot.

3)  The clerk of court is ordered to close this case.

Entered this 23rd day of September, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[4] Gintner's invocation of the Tucker Act, 28 U.S.C. § 1491, and the Little Tucker Act, 28 U.S.C. § 1346, does not compel a different result because these statutes specifically apply to certain claims against the United States, which was not a party in any of the referenced state actions or this case. Gintner also invokes the Administrative Procedures Act, but that statute does not help her either because it governs the process by which federal agencies develop and issue regulations, not state-court rules, polices, and rulings.